IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES BOCOCK,
Plaintiff

v.

THOMAS J. DART,
Defendant

FILED
AUG 23 2019
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

19 C 3877

Judge Jorge L. Alonso

MEMORANDUM RE: PLAINTIFF'S LITIGATION HISTORY

Plaintiff's failure to file a summary of his litigation history was not an intentional attempt to deprive this Court of information necessary to the screening of his Complaint. Plaintiff has no "strikes" under PLRA.

Plaintiff asks this Court to take judicial notice of his previous filings in this Court, on standard forms, which included his litigation history.

While Plaintiff concedes that ignorance of the law is not an excuse, he was genuinely unaware that filing of litigation history was a mandatory requirement and continues to be unaware of where the provision stems from, whether a statute such as the PLRA, Fed. R. Civ. Proc, or rules of the Court.

Plaintiff is self-represented and lacks any formal legal training what-so-ever.

There is no access to legal advice at the Cook County Jail where Plaintiff is held, and Plaintiff has no meaningful access to legal information. Plaintiff's law books were thrown into the garbage, seemingly by mistake, by jail staff over 6 months ago. Plaintiff's access to the law library over the same period has been limited to only a few minutes per month due to scheduling issues.

This Court correctly and fully identified all of Plaintiff's federal litigation history: 13 C 7240 (voluntarily dismissed), 14 C 4366 (dismissed in favor of Defendants) [on appeal, no. 19-1688] and 15 C 2016 which is pending. (Also 19 C 3880 awaiting screening).

Plaintiff has litigated extensively though in Illinois Circuit and appellate courts since 2013. On receiving the Order from this Court requesting his litigation history Plaintiff immediately wrote to Will County Circuit Clerk and asked her for a list of all civil filings he had made. Unfortunately mail from this jail can take several weeks to process in each direction at times and by 15 August Plaintiff had received no response. Plaintiff would request this Court to take judicial notice of the web site "circuitclerkofwillcounty.com" and perform a search on Plaintiff's last name which should reveal all his filings in that court — they are extensive, probably in excess of 40 cases. A large percentage of the cases

that were lost in the circuit court were appealed to the Third District Appellate Court where many were affirmed and several reversed. Many of these have become published opinions, often due to novel issues being litigated. Plaintiff does not know how to obtain a full list of those cases, but they might be available through "illinoiscourts.gov". Plaintiff has no access to the Internet and thus no access to court docketing systems.

Plaintiff also had one Freedom of Information case in Du Page Circuit Court which was settled in his favor, and one case in Sangamon County Circuit Court which is stuck in limbo.

It would be a harsh judgment to dismiss the instant case with prejudice based on failure to file Plaintiff's litigation history. This case involves a clear violation of Plaintiff's rights and is plainly meritorious — the fact situation is practically identical to the case Kroger v. Dart, 114 F. Supp. 3d 572, in which the Plaintiff fully prevailed on his own Motion for Summary Judgment.

WHEREFORE Plaintiff prays this Court to not dismiss this case & continue with 1915A screening for the reasons above.

Pursuant to 28. U.S.C. §1746 I declare the above statements true + correct.

_____
CHARLES BOCOCK, Plaintiff self-represented
#20180503001
PO Box 089002
Chicago, IL 60608

Page 3 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES BOCOCK, Plaintiff v. THOMAS J. DART, Defendant | 19 C 3877, 19 C 3880 |

**FILED**
AUG 23 2019 YY
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

NOTICE OF FILING

Plaintiff states that he placed a copy of his Memorandum of Law Re: Plaintiff's Litigation History, and copies of his Petition for Leave to file an Amended Complaint in an envelope with sufficient first class USPS postage attached and will place it into the outgoing mail in his housing unit at the Cook County Jail on 15 August 2019.

Pursuant to 28 USC § 1746 I declare under penalty of perjury the above statements are true and correct.

CHARLES BOCOCK, Plaintiff self-represented
#2018050300]
PO Box 089002
Chicago, IL 60608

CHARLES BOCOCK
#20180503001
PO BOX 089002
CHICAGO, IL 60608

LEGAL





INSPECTED BY THE
UNITED STATES
MARSHALS SERVICE

2019 AUG 23  AM 7:44



PRISONER CORRESPONDENCE
U.S. DISTRICT COURT
219 S DEARBORN ST
CHICAGO, IL 60604


08/23/2019-27