**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHARLES BOCOCK (2018-0503001),  )<br>  )<br>         **Plaintiff,**  )<br>  )<br>         v.          )<br>  )<br>THOMAS J. DART,  )<br>  )<br>         **Defendant.**  ) | **Case No. 19 C 3877**<br><br>**Judge Jorge L. Alonso** |

**ORDER**

Plaintiff's motion for leave to amend the complaint [14] is granted. The Clerk is instructed to file Plaintiff's amended complaint [14-2]. The docket reflects that Defendant Dart was served on October 10, 2019 [12]. Accordingly, Defendant Dart is instructed to answer the amended complaint by February 28, 2020. Plaintiff is advised that he must submit a change-of-address notification if he is transferred to another facility or released. If Plaintiff fails to keep the Court informed of his address, this action will be subject to dismissal for failure to comply with a Court order and for failure to prosecute.

**STATEMENT**

Plaintiff Charles Bocock, an inmate at the Cook County Jail, brought this *pro se* civil rights action under 42 U.S.C. § 1983, challenging the jail's purported ban on newspapers. On September 20, 2019, the Court found that Plaintiff's complaint stated a First Amendment claim against Tom Dart (in his official capacity) and issued summons.[1] (Dkt. 10.) On November 11, 2019, Plaintiff filed a motion for leave to amend his complaint (Dkt. 14) and a proposed amended complaint (Dkt. 14-2).[2]

Under 28 U.S.C. § 1915A, the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v.*

---

[1]     The docket reflects that Defendant Dart was served on October 10, 2019 [12].
[2]     Shortly after Plaintiff filed this case, he filed case no. 19C3880. In an order dated September 27, 2019, the Court administratively closed case no. 19C3880 and granted Plaintiff permission to file an amended complaint in this case. Plaintiff has done so (Dkt. 14-2), and his amended pleading is before the Court for initial review.

*Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

The amended complaint alleges as follows: Plaintiff is a pre-trial detainee housed in Division 6 of the Cook County Jail. (Dkt. 14-2 at pg. 1.) Plaintiff claims that he has been incarcerated there since May 3, 2018. (*Id.*) Plaintiff claims that Defendant Dart "has a policy which is an absolute ban on the receipt or possession of all newspapers by residents of the CCJ, except those that address criminal justice issues, prison rights or similar topics, such as prison legal news or criminal legal news." (*Id.* at pg. 2.) Plaintiff claims that he wished to read *The New York Times*, but the jail's policy prohibits him from receiving this publication. (*Id.*) Plaintiff states that he is a British citizen and also wishes to read *The Guardian*. (*Id.*) Plaintiff claims that a British non-profit (Prisoners Abroad) mailed him an issue of *The Guardian* newspaper and he was not permitted to receive it, pursuant to jail policy. (*Id.*) Plaintiff claims that the newspaper was returned to the sender. (*Id.*) Plaintiff claims that he had no meaningful access to important news events, such as Brexit. (*Id.* at pg. 3.)

Plaintiff alleges further that Defendant Dart "has a policy allowing residents to receive packages containing multiple publications." (*Id.*) He claims, however, that "[i]f a package is received containing multiple publications but one of the publications does not conform to the censorship rules of the CCJ then the entire package is returned to the sender – even though the other items are conforming." (*Id.*) Plaintiff claims that he received such a package at the CCJ, and he "received written notification from the CCJ that the entire package had been returned to the sender." (*Id.* at pg. 4.) Plaintiff claims that he did not receive the conforming items. (*Id.*) Plaintiff claims that this policy "does not provide a means to appeal the censorship to an alternate censor or supervisor[.]" (*Id.*)

Plaintiff claims that the aforementioned policies violate his constitutional rights. (*Id.* at pgs. 4-6.) He names Thomas J. Dart as Defendant in this action. (*Id.* at pg. 1.)

The amended complaint sufficiently states a claim against Defendant Dart (in his official capacity) for violation of Plaintiff's First Amendment rights due to the jail's policy regarding newspapers. *See King v. Fed. Bureau of Prisons*, 415 F.3d 634, 638 (7th Cir. 2005) ("Freedom of

speech is not merely freedom to speak; it is also freedom to read."). Additionally, in this version of the complaint, Plaintiff challenges the jail's policy concerning the immediate return of certain publications (without any meaningful way to challenge the decision). Due process requires that the decision to censor inmate mail must be accompanied by "minimum procedural safeguards." *Procunier v. Martinez*, 416 U.S. 396, 417 (1974), overruled on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989). This standard has generally required officials to provide inmates with notice and an opportunity to object to a confiscation of their mail. *See Martinez*, 416 U.S. at 418. Plaintiff's allegations about the jail's policy concerning the return of packages are sufficient, at least at this stage of the proceedings, to state a procedural due process claim against Defendant Dart (in his official capacity).

Plaintiff, however, may not proceed against Defendant Dart in his individual capacity. Plaintiff's allegations do not indicate (or otherwise suggest) Dart's direct, personal involvement in the events complained of above. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012) (an individual must have caused or participated in a constitutional deprivation). Rather, Plaintiff seems to be attempting to hold Dart liable in his role as a high-level supervisory official at the jail (*see* Dkt. 14-2, pg. 6, stating that Dart "had knowledge that his policies were unconstitutional based on previous suits brought against him, and he supervised those who implemented his policies."). Dart, however, cannot be held responsible merely because of his supervisory role at the jail. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Accordingly, Plaintiff may not proceed against Defendant Dart in his individual capacity.

The docket reflects that Defendant Dart was served on October 10, 2019 [12]. Accordingly, Defendant Dart is instructed to answer the amended complaint by the date set forth above.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Every document submitted by Plaintiff must include a certificate of service indicating the date on which Plaintiff gave the document to correctional authorities for mailing. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

Date: 1/28/2020

Jorge L. Alonso
United States District Judge