UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Bocock, | ) | |
| | ) | 19 C 3877 |
| Plaintiff, | ) | |
| | ) | |
| | ) | Honorable Judge Alonso |
| vs. | ) | |
| | ) | |
| Thomas J. Dart, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Now comes Defendant, Sheriff's Thomas Dart in his official capacity, by his attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her Assistant State's Attorney, John Power, and answers Plaintiff's Amended Complaint as follows:

1. Plaintiff is a pretrial detainee housed in Division 6 of the Cook County Jail. ("CCJ") in Chicago, IL.

**Answer:** Defendant admits that Plaintiff is currently housed in Division 6 of CCJ.

2. Plaintiff has been incarcerated at the CCJ since 3 May 2018.

**Answer:** Admitted.

3. Defendant is the Sheriff of Cook County.

**Answer:** Defendant admits Plaintiff named the Sheriff as a Defendant but denies any liability.

4. The CCJ is operated by Defendant.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the

1

truth of the allegations contained in this paragraph.

5. Defendant is the primary policymaker for the CCJ.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

## BACKGROUND TO COUNTS 1& 2

6. Defendant has a policy which is an absolute ban on the receipt or possession of all newspapers by residents of the CCJ, except those that address criminal justice issues, prisoner rights or similar topics, such as Prison Legal News or Criminal Legal News.

**Answer:** Denied.

7. Plaintiff wished to read the New York Times, a daily national newspaper.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

8. Defendant's policy prohibited Plaintiff from receiving a copy of the New York Times.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

9. Plaintiff is a British citizen.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

10. Plaintiff wished to read the Guardian, a British daily national newspaper.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

11. A British non-profit, Prisoners Abroad, mailed an issue of the Guardian

newspaper to plaintiff at the CCJ.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

12. Plaintiff was not permitted to receive the Guardian, pursuant to Defendant's policy, and plaintiff was informed that the mail item had allegedly been returned to the sender.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

13. Plaintiff had no meaningful access to news of important events concerning his home nation, e.g. "Brexit".

**Answer:** Denied.

## COUNT 1

14. Defendant's newspapers policy violates Plaintiff's First Amendment free speech right to read newspapers, under the U.S. Constitution.

**Answer:** Denied.

15. Defendant's newspaper policy violates Plaintiff's fourteenth Amendment right by punishing him without due process, under the U.S. Constitution.

**Answer:** Denied.

## COUNT 2

16. Defendant has a policy allowing residents to receive packages containing multiple publications.

**Answer:** Admitted.

## BACKGROUND TO COUNT 3

17. If a package is received containing multiple publications does not conform to

3

the censorship rules of the CCJ then the entire package is returned to the sender – even though the other items are conforming.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

18. Plaintiff received such a package at the CCJ.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

19. The package contained conforming items, but also contained a non-conforming newspapers.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

20. Plaintiff received written notification from the CCJ that the entire package had been returned to the sender.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

21. Plaintiff did not receive the conforming items.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

22. Defendant's policy of returning conforming publications to the sender violates plaintiff's First Amendment right to free speech under the U.S. Constitution.

**Answer:** Denied.

23. Defendant's policy of immediately returning non-conforming publications to senders does not provide a means to appeal the censorship to an alternate censor or supervisor

4

and violates plaintiff's Fourteenth Amendment right to due process under the U.S. Constitution.

**Answer:** Denied.

## BACKGROUND TO COUNTS 5 & 6

24. Defendant has a policy of returning publications to senders when they do not conform to censorship rules.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

25. Due process requires senders to be notified of the censorship and be given an opportunity to appeal.

**Answer:** Denied.

26. Defendant's policy implements this requirement by inserting a letter into the sender's package.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

27. The CCJ reseals the package.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

28. The CCJ marks the package "Return to Sender".

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

29. The CCJ returns the package to the mail service.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

30. The CCJ has no knowledge of whether these packages are successfully returned to the senders.

**Answer:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

31. Defendant's policy results in many packages being permanently lost, including packages sent to plaintiff.

**Answer:** Denied.

## COUNT 5

32. Defendant's package return policy results in many senders never being informed their packages have been censored and does not give the sender an opportunity to appeal and violates plaintiff's Fourteenth Amendment right to due process under the U.S. Constitution.

**Answer:** Denied.

## COUNT 6

33. Defendant's package return policy results in the loss of property, the publications sent to plaintiff, and violates plaintiff's Fourteenth Amendment right to due process under the U.S. Constitution.

**Answer:** Denied.

## LIABILITY

34. This suit is brought against Defendant in his personal capacity as the primary policymaker for the CCJ.

**Answer:** Denied. Defendant further refer Plaintiff to Dkt. 15 at p. 3, the Court's January 28, 2020 Order dismissing Plaintiff's individual capacity claim against Sheriff Dart.

35. This suit is brought against Defendant in his personal capacity as he had

knowledge his polices were unconstitutional based on previous suits brought against him, and he supervised those who implemented his policies.

**Answer:** Denied. Defendant further refers Plaintiff to Dkt. 15 at p. 3, the Court's January 28, 2020 Order dismissing Plaintiff's individual capacity claim against Sheriff Dart.

36. This suit is brought pursuant to 42 U.S.C. § 1983.

**Answer:** Defendant admits the statutory basis under which Plaintiff has brought this suit, but denies any liability.

### RELIEF:

WHEREFORE Plaintiff prays this court to declare Defendant violated his rights under the First and Fourteenth Amendments to the U.S. Constitution, and go on to award him general, punitive, compensatory and nominal damage for such violations, and other relief deemed just.

**Answer:** Defendant denies that Plaintiff is entitled to any relief.

### AFFIRMATIVE DEFENSES

Defendant, through his attorney Kimberly M. Foxx, State's Attorney of Cook County, by her Assistant State's Attorney John Power, set forth the following affirmative defenses:

1. Defendant's conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional Rights. Accordingly, Defendant is entitled to the defense of qualified immunity.

2. The Plaintiff was at all relevant times and the date of filing, a prisoner. The Prison Litigation Reform Act provides that "no action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Plaintiff failed to

7

properly exhaust his administrative remedies and therefore his claims are barred.

3. To the extent it is revealed that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

4. Local governments are immune from punitive damages liability under § 1983. *See City of Newport v. Fact Concerts*, 453 U.S. 247 (1981). Moreover, an official capacity suit against an individual defendant is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). Therefore, to the extent Defendant was named in his official capacity, he is immune from having to pay punitive damages to Plaintiff.

5. Pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(h) ("PLRA"). Under the PLRA, Plaintiff cannot recover damages "for mental or emotional injury suffered while in custody *without a prior showing of physical injury…*" (emphasis added). *Id.* § 1997e(e). Plaintiff has failed to allege a sufficiently serious physical injury, and so cannot recover damages for mental or emotional injury. Even if Plaintiff is entitled to nominal damages, which are no more than $1.00, *Carey v. Piphus*, 435 U.S. 247, 267 (1978), this Court should rule, as a matter of law, that Plaintiff is not entitled to compensatory damages.

6. Defendant reserved the right to add additional affirmative defenses as they become known through the course of discovery.

## **JURY DEMAND**

With regard to any issue that may be appropriately heard by a jury in this cause of action, Defendant hereby demands a jury trial.

WHEREFORE, based on the foregoing, Defendant denied that Plaintiff is entitled to any relief, including but not limited to, damages, costs, and attorneys' fees. Defendant prays that this Court grant judgment in favor of the Defendant and against the Plaintiff on all counts, and further requests that this Court grant judgment in favor of the Defendant and against the Plaintiff for costs, attorneys' fees and such other relief that this Court deems just and appropriate.

Respectfully Submitted,
Kimberly Foxx
State's Attorney of Cook County

By: */s/ John Power*
John Power
Assistant State's Attorney
Richard J. Daley Center
50 West Washington, Room 500
Chicago, IL 60602
(312) 603-4370

### CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff pursuant to ECF, in accordance with the rules of electronic filing of documents on this 21st day of February, 2020, and by mailing the same to Plaintiff the below listed address.

Charles Bocock
Cook County Jail
2018-0503001
P.O. Box 089002
Chicago, IL 60608

*/s/ John Power*
JOHN POWER

9