UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CHARLES BOCOCK,
Plaintiff

V.

THOMAS DART;
SGT. WHITFIELD,
Defendants

19 C 3877

**RECEIVED**

DEC 1 1 2020

**THOMAS G. BRUTON**
**CLERK, U.S. DISTRICT COURT**

## SECOND AMENDED COMPLAINT

PLAINTIFF, Charles Bocock, unrepresented, for his
Complaint against Defendants, alleges as follows:

1) PLAINTIFF is a pre-trial detainee housed at the
Cook County Jail (the "Jail") in Chicago, IL.

2) PLAINTIFF has been held at the Jail since 2 May 2018.

3) Defendant Thomas Dart ("DART") is the Sheriff of
Cook County.

4) DART operates the Jail.

5) DART is the primary policymaker for the Jail.

(1)

6) Defendant Sgt. Whitfield ("WHITFIELD") is employed by DART as a sergeant at the Jail.

## COUNT 1

7) DART has a policy which is an absolute ban on the receipt of all newspapers by residents of the Jail, except those that address criminal justice issues, prisoner rights, or similar topics, such as Prison Legal News or Criminal Legal News.

8) PLAINTIFF wishes to read the New York Times.

9) PLAINTIFF is a British citizen.

10) PLAINTIFF wishes to read the Guardian, a British daily national newspaper.

11) A British charity, Prisoners Abroad, mailed an issue of the Guardian to PLAINTIFF at the Jail.

12) DART's policy prohibited PLAINTIFF from receiving the issue of the Guardian; it also prohibits him from receiving the New York Times.

13) DART's policy violates PLAINTIFF's free speech right to read newspapers under U.S. Const., Amend. I.

## BACKGROUND TO COUNTS 2-5

14) DART has a policy allowing residents of the Jail to receive packages containing multiple publications, up to a maximum of three books/magazines per package.

15) DART has a policy that if a package containing multiple publications arrives at the Jail, but one of the publications is deemed unacceptable, the entire package is returned.

16) PLAINTIFF had such a package returned.

17) DART has a policy or custom that if a package arrives containing more than three books/magazines then the entire package is returned.

18) PLAINTIFF had such a package returned.

## COUNT 2

19) DART's policy of returning packages if one item is unacceptable violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 3

20) DART's policy of returning packages if one item is unacceptable violates PLAINTIFF's right to due process under U.S. Const., Amend. XIV.

## COUNT 4

21) DART's policy of returning packages that contain too many items violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 5

22) DART's policy of returning packages that contain too many items violates PLAINTIFF's right to due process under U.S. Const., Amend. XIV.

## COUNT 6

23) DART has a policy of only providing notice of mail censorship (and appeal procedures) after the mail item has already been returned to the sender.

24) As the mail is no longer in the possession of the Jail it cannot be viewed by an alternate censor on appeal.

④

25) Even if an appeal was successful no relief can be granted since the mail has been returned.

26) DART's mail censorship appeal policy is not meaningful and violates PLAINTIFF's right to due process under U.S. Const., Amend. XIV.

## BACKGROUND TO COUNTS 7 & 8

27) DART has a policy that unacceptable mail items are returned to the senders.

28) DART has a policy or custom of not paying the return shipping cost for such items.

29) PLAINTIFF had mail items rejected by the jail which he was informed had been returned to the senders.

30) Communications with the senders revealed that none of them received the returned packages.

31) Due process requires notification to senders when their mail is rejected for delivery to residents of the jail.

32) DART has a policy of inserting a notice into rejected mail, before returning it, informing senders of the reason for rejection and their appeal rights.

## COUNT 7

33) DART's mail return policy does not adequately ensure the delivery of items to senders and results in the total loss of PLAINTIFF's property in violation of his due process rights under U.S. Const., Amend. $XIV$.

## COUNT 8

34) DART's mail return policy does not adequately ensure the delivery of items to senders and results in senders of material to PLAINTIFF never receiving notice that their mail was rejected in violation of due process under U.S. Const., Amend. $XIV$.

## BACKGROUND TO COUNTS 9 & 10

35) DART has a policy or custom that when publication are received from retailers the publications are passed to the resident, but any enclosures in the mailing (e.g. receipts, notices, coupons, flyers, leaflets, gift certificates, etc.) are discarded and disposed of.

36) Often the receipts contain important information such as the name of the sender and messages of good tidings to the resident which the sender has entered at the checkout online during purchase.

37) PLAINTIFF has received many packages of publications where the enclosures were removed by the Jail.

## COUNT 9

38) DART's policy of disposing of mail enclosures sent to PLAINTIFF violates his right to free speech under U.S. Const., Amend. I.

## COUNT 10

39) DART's policy of disposing of mail enclosures sent to PLAINTIFF violates his right to due process under U.S. Const., Amend. XIV.

## COUNT 11

40) DART has a policy which prohibits residents at the Jail from receiving publications which have a CD or DVD enclosed.

41) DART has a policy that if a resident receives a hard-cover publication in the mail the resident can choose to have the Jail remove the cover and receive the coverless book, or have the complete book returned to sender.

42) PLAINTIFF wished to receive a language book which had an enclosed CD, and a computer book which had an enclosed DVD.

43) DART's policy prohibiting receipt of publications with enclosed CDs/DVDs is excessive and unreasonable, in light of the Jail's policy of removing covers from hard-cover books, and violates PLAINTIFF's right to free speech under U.S. Const., Amend. I.

## COUNT 12

44) DART has a policy which prohibits the receipt of mail containing pictures of money.

45) DART's policy prohibiting receipt of pictures of money violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 13

46) DART has a policy which prohibits the receipt of mail containing pictures of liquor.

47) DART's policy prohibiting receipt of pictures of liquor violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 14

48) DART has a policy which prohibits the receipt of mail containing pictures of persons in bathing suits.

49) DART's policy prohibiting receipt of pictures of persons in bathing suits violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 15

50) DART has a policy which prohibits the receipt of mail containing pictures of persons in their underwear.

51) DART's policy prohibiting receipt of pictures of persons in their underwear violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 16

52) DART has a policy which prohibits the receipt of mail containing pictures showing nudity.

53) DART's policy prohibiting receipt of pictures showing nudity violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 17

54) DART has a policy which prohibits the receipt of mail containing pictures of weapons.

55) DART's policy prohibiting receipt of pictures of weapons violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 18

56) DART has a policy which prohibits residents of the Jail from receiving certain magazines based on their title alone without making an individual determination of the acceptability of the specific issue of the magazine received.

57) DART's prohibited magazine list violates PLAINTIFF's free speech rights under U.S. Const, Amend. I.

## COUNT 19

58) DART has a policy which permits residents of the Jail to possess a maximum of three books and three magazines.

59) DART has a policy which requires all of a resident's property to fit inside a property bag.

60) DART has a policy that allows residents to possess as much legal paperwork as will fit within their limit of the property bag.

61) DART's policy limiting the number of books and magazines PLAINTIFF may possess, in light of the limit on other paperwork, is excessive and/or unreasonable and violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 20

62) DART has a policy prohibiting receipt of calendars by residents of the Jail.

63) DART's prohibition on the receipt of calendars violates PLAINTIFF's free speech rights under U.S. Const, Amend. I.

## COUNT 21

64) DART has a policy prohibiting receipt of posters by residents of the Jail, regardless of the size of the poster.

65) DART's prohibition on the receipt of posters, regardless of their size, violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## BACKGROUND TO COUNTS 22-46

66) DART has a policy of removing, from a resident's cell, all property that exceeds allowable limits.

67) DART has a custom or policy of disposing of confiscated publications or shelving them in the Jail libraries for public use.

68) On 27 November 2019, during a shakedown, WHITFIELD ordered the removal of excessive property from PLAINTIFF's cell, including dozens of books, magazines, and PLAINTIFF's Jehovah's Witness bible — totalling approximately $1100 of publications — pursuant to DART's policies.

69) Many of PLAINTIFF's seized publications were shelved in the Jail libraries, and the rest were disposed of.

70) WHITFIELD informed PLAINTIFF his publications had been forfeited due to the violation of Jail rules regarding excessive cell property.

71) No formal incident report was filed against PLAINTIFF, concerning the seizures, and no hearing was held.

## COUNT 22

72) DART's policy or custom of forfeiting seized cell property violates PLAINTIFF's right to due process under U.S. Const. Amend. XIV.

## COUNT 23

73) DART's policy or custom of forfeiting seized cell property violates PLAINTIFF's right to due process under Ill. Const. art. I § 2.

## COUNT 24

74) DART's policy or custom of forfeiting seized cell property is an excessive fine in violation of PLAINTIFF's rights under U.S. Const. Amend. VIII.

## COUNT 25

75) DART's policy or custom of forfeiting seized cell property and providing it to governmental libraries for public use is an illegal use of eminent domain in violation of PLAINTIFF's rights under Ill. Const. art. I § 15.

## COUNT 26

76) DART's policy or custom of forfeiting seized cell property and providing it to government libraries for public use violates PLAINTIFF's rights under § 735 ILCS 5/7-101 et seq.

## COUNT 27

77) DART's policy or custom of forfeiting seized cell property is a disproportionate penalty in violation of PLAINTIFF's rights under Ill. Const, art. I § 11.

## COUNT 28

78) DART's policy or custom of forfeiting seized publications violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 29

79) DART's policy or custom of forfeiting seized publications violates PLAINTIFF's free speech rights under Ill. Const., art. I § 4.

## COUNT 30

80) DART's policy or custom of forfeiting seized publications, including bibles, violates PLAINTIFF's rights to religious freedom under U.S. Const., Amend. I.

## COUNT 31

81) DART's policy or custom of forfeiting seized publications, including bibles, violates PLAINTIFF's rights to religious freedom under Ill. Const., art. I § 3.

## COUNT 32

82) DART's policy or custom of forfeiting seized publications, including bibles, violates PLAINTIFF's rights under the RLUIPA, 42 USC § 2000cc-1(a).

## COUNT 33

83) DART's policy or custom of forfeiting seized publications, including bibles, violates PLAINTIFF's rights under the IRFRA, § 775 ILCS 25/1 et seq.

## COUNT 34

84) WHITFIELD's forfeiture of PLAINTIFF's cell property violated his rights to due process under U.S. Const., Amend. XIV.

## COUNT 35

85) WHITFIELD's forfeiture of PLAINTIFF's cell property violated his rights to due process under Ill. Const., art. I § 2.

## COUNT 36

86) WHITFIELD's forfeiture of PLAINTIFF's cell property was an excessive fine in violation of his rights under U.S. Const., Amend. VIII.

## COUNT 37

87) WHITFIELD's forfeiture of PLAINTIFF's cell property and its installation into governmental libraries for public use without just compensation violates PLAINTIFF's rights under Ill. Const., art. I § 15.

## COUNT 38

88) WHITFIELD's forfeiture of PLAINTIFF's cell property and its installation into governmental libraries for public use without just compensation violates PLAINTIFF's rights under § 735 ILCS 5/7-101 et seq.

## COUNT 39

89) WHITFIELD's forfeiture of PLAINTIFF's cell property was a disproportionate penalty in violation of PLAINTIFF's rights under Ill. Const., art. I § 11.

## COUNT 40

90) WHITFIELD's forfeiture of PLAINTIFF's cell property violated PLAINTIFF's free speech rights under U.S. Const., Amend. I.

## COUNT 41

91) WHITFIELD's forfeiture of PLAINTIFF's cell property violated PLAINTIFF's free speech rights under Ill. Const., art. I § 4.

## COUNT 42

92) WHITFIELD's forfeiture of PLAINTIFF's bible violated PLAINTIFF's rights to religious freedom under U.S. Const., Amend. I.

## COUNT 43

93) WHITFIELD's forfeiture of PLAINTIFF's bible violated PLAINTIFF's rights to religious freedom under Ill. Const., art. I § 3.

## COUNT 44

94) WHITFIELD's forfeiture of PLAINTIFF's bible violated PLAINTIFF's rights under the RLUIPA, 42 USC § 2000cc-1(a).

## COUNT 45

95) WHITFIELD's forfeiture of PLAINTIFF's bible violated PLAINTIFF's rights under the IRFRA, § 775 ILCS 25/1 et seq.

## COUNT 46

96) WHITFIELD's forfeiture of PLAINTIFF's cell property is the state law tort of conversion.

## COUNT 47

97) DART has a policy which is an absolute ban on magazine subscriptions.

98) DART's magazine subscription policy is excessive and/or unreasonable and violates PLAINTIFF's free speech rights under U.S. Const., Amend. I.

99) All acts and practices herein have been grieved and administratively exhausted, where possible and allowable.

100) DART is sued in his official capacity.

101) WHITFIELD is sued in his official and personal capacities.

## REQUESTED RELIEF

A) Declaratory judgment that the acts and practices of Defendants set forth in all Counts above violated the civil rights of PLAINTIFF.

B) A temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendants from their illegal acts and practices set forth in all Counts above.

C) Punitive, nominal, general and compensatory damages against Defendants for their acts and practices set forth in all Counts above.

D) Any other relief deemed just.

CHARLES BOCOCK, Unrepresented PLAINTIFF
#20180503001
PO Box 089002
Chicago, IL 60608.

CHARLES ▭▭▭▭▭▭▭ AL
#2018
PO BOX 089002
CHICAGO, IL 60608

RECEIVED

2020 DEC 11 AM 9: 03



U.S. DISTRICT COURT
PRISONER CORRESPONDENCE
219 S. DEARBORN
CHICAGO, IL 60604