UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CHARLES BOCOCK, Plaintiff
v.
THOMAS DART, Defendant

19 C 3877

MEMORANDUM IN SUPPORT OF MOTION FOR
ATTORNEY REPRESENTATION

1. Plaintiff has unsuccessfully attempted to obtain private counsel in this case.
2. Plaintiff mailed requests to six law firms as named in his attached Motion.
3. The first three in the list were chosen as Plaintiff understands those firms were attorneys-of-record for the plaintiff in Koger v. Dart.
4. The primary issue in the instant suit is identical to that in Koger - the Cook County Jail's absolute ban on newspapers.
5. Plaintiff cannot afford counsel due to indigency and asked all lawyers to take the case on contingency.
6. This is not a case that would produce a large monetary award - similar cases have produced a maximum of about $15K in damages.
7. This is a case under the PLRA which limits payments to attorneys, leaving very little meat on the bone.
8. Plaintiff is limited in the number of attorneys he can contact as he is essentially locked out of the marketplace of lawyers.

①

9. Plaintiff has no access to a list of attorneys through an Internet search or a phone book.
10. Most civil attorneys cannot or will not accept phone calls from the jail.
11. Plaintiff has been on and off quarantine for the last nine months at the jail as detainees in his cell blocks test positive for coronavirus. The latest stretched for two months.
12. Services at the jail have suffered greatly under COVID due to staff shortages, overcapacity, safety procedures and use of previously-shuttered facilities which are in a gross state of disrepair.
13. While under quarantine most services for detainees are halted, including court appearances, visits/calls from attorneys, social services (e.g. obtaining addresses) and contact with law librarians.
14. There is no physical access to any of the jail's law libraries during the pandemic. There is no schedule for reopening them.
15. The jail maintains a paging system - once per week three case laws may be ordered.
16. The paging system is highly flawed. Most times detainees do not receive the entire case, but only three or four pages (the headnotes). In one instance Plaintiff received only the first page - the case caption. Further pages must be ordered on a week-by-week basis, taking weeks or months to complete a single case.
17. The paging system only works with exact full citations - anything less creates even bigger problems with librarians left to guess - and again, can take weeks to find the right case, and then many more to get all the pages.

18. Searches are even more futile as advanced search features cannot be used, such as phrase matching and mandatory parameters, and thus some cases remain totally "unfindable".

19. Photocopying is unavailable under quarantine as staff do not want to take items that may be infected. Plaintiff can (and does) hand-write two copies of all his filings (one for court, one for opposing counsel) despite the difficulty of this (Plaintiff has neither desk nor chair), but does not have a copy of any of his filings for himself (not even the Complaint) and cannot afford the photocopying fees of this Court. Additionally, in the event that exhibits need to be filed, Plaintiff will be forced to mail his only copy to the Court and cannot copy these records by hand for service on opposing counsel, or for himself.

20. Lack of access to legal texts and/or any legal advice from the law library prohibits Plaintiff from learning the necessary skills to litigate this case - case laws is a very poor substitute to learn from. It is difficult, if not impossible, to learn the skills (such as objections) required to examine witnesses from case law.

21. It is unlikely Plaintiff and Defendant can reach a settlement and Plaintiff will be forced to jury trial, a scenario Plaintiff has no skills in and will lead to a very unfair proceeding as Defendant is represented by one of (if not the) largest law firms in the entire country.

22. The jail is still experiencing significant mail delays - Plaintiff just received legal mail dated 6 November.

23. Legal mail is especially problematic as it must be opened in person and jail staff are reluctant to enter quarantined areas to allow detainees to open the mail. Additionally, legal mail requires extra staff to deliver it.

24. Even at this early stage it is difficult for Plaintiff as he does not fully understand discovery procedures or how to lay a foundation for documents.

25. Some tasks are simply outside the ability of an indigent and incarcerated plaintiff, or exceptionally difficult.

26. Scheduling and taking depositions are usually out of reach due to the inability of a plaintiff to find and afford court reporters, leaving only written discovery where the answers are generally penned by lawyers, not the witnesses.

27. Plaintiff cannot investigate alternative (less onerous) solutions to the jail's policies to present, nor can Plaintiff look on other jail and prison web sites to see their policies and compare them to the instant case to see what is reasonable, as was done in Koger.

28. Plaintiff cannot find and hire experts to rebut Defendant's policies. In a recent SCOTUS 1st Amendment case the court found against the plaintiff as he hadn't provided any expert testimony. Beard v. Banks.

29. It is also very hard for an unskilled plaintiff to understand all the nuances of the Turner v. Safley standard that is used in these types of jail cases.

(4)

30. There are two very compelling reasons supporting the need for counsel in this case.
31. Firstly, the case is highly meritorious. The primary issue of the newspaper ban was already litigated in this Court in 2015 with judgment in favor of the plaintiff, Koger. Some of the other issues, such as the jail only permitting appeals of mail rejections after the mail has already been "returned" are totally indefensible. This isn't an iffy case — the primary issues are winners out of the gate.
32. Secondly, and most importantly, most of the claims in this case involve censorship of mail items that Plaintiff is prohibited from seeing or possessing. Litigating this case will be substantially unfair when Plaintiff can't even see the items he is fighting for.
33. Plaintiff has added injunctive relief to his Complaint. Success in this case will now assure the rights of hundreds of thousands of future and present detainees at the Cook County Jail.

WHEREFORE Plaintiff prays this Court to assign counsel in this case.

CHARLES BOCOCK, Plaintiff (unrepresented)
#20180503001
2700 S. California Ave
Chicago, IL 60608

(5)