UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Bocock, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 19 CV 3877 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Thomas J. Dart, | ) | |
| | ) | Magistrate Judge Heather K. McShain |
| | ) | |
| Defendant. | ) | |

### DEFENDANT DART'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

NOW COMES Defendant, Thomas J. Dart, Sheriff of Cook County, in his official capacity, ("Defendant"), by his attorney Kimberly M. Foxx, State's Attorney of Cook County, through her assistants, Calvin Edwards and Christina Faklis Adair, and hereby submits this Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint as follows:

### BACKGROUND

On September 20, 2019, Plaintiff, Charles Bocock ("Plaintiff"), filed his initial complaint. (Dkt. 11.) On January 28, 2020, this Court granted Plaintiff's motion for leave to file an amended complaint. (Dkt. 15.) On January 21, 2020, Defendant filed an answer and affirmative defenses to Plaintiff's First Amended Complaint, alleging a violation of his First Amendment rights based on Cook County Jail's newspaper and package policies. (Dkt. 18.) On June 10, 2020, this Court ordered that initial written discovery shall be served by July 6, 2020. (Dkt. 24.) On July 6, 2020, Defendant issued written discovery to Plaintiff, including Rule 26(a) disclosures, interrogatories and document requests. During the pendency of this lawsuit, Defendant provided Plaintiff with documents, including grievances, incident reports, the Cook County Jail handbook and policies,

and Cook County Sheriff records. On December 16, 2020, Defendant resent his discovery requests to Plaintiff via U.S. Mail. To date, Plaintiff has not responded to Defendant's discovery requests.

On December 11, 2020, Defendant filed his second motion for leave to file an amended complaint. (Dkt. 40.) On February 19, 2021, this Court ordered Defendant to file a response to Plaintiff's December 11, 2020 motion for leave to file an amended complaint. (Dkt. 48.)

As explained more fully below, Plaintiff's proposed second amended complaint is unduly delayed and prejudicial to Defendant. Therefore, this Court should deny Plaintiff's motion for leave to file his second amended complaint.

## ARGUMENT

### I. PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT IS UNDULY DELAYED AND FUTILE.

This Court should find pursuant to Fed. R. Civ. P. 15(a) that Plaintiff's proposed second amended complaint is unduly delayed and futile. Fed. R. Civ. P. 15(a) provides that a party may amended its pleading once by right within 21 days after serving it, or "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although leave should be given where justice so requires, courts may deny leave to amend if there is an apparent reason for doing so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment." *Payne v. Churchich*, 161 F.3d 1030, 1036-37 (7th Cir. 1998) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The right to amend a complaint is not absolute. *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). Taken together, this Court should find Plaintiff's second amended complaint is unduly delayed, futile and prejudicial to Defendant.

### A. Plaintiff Unduly Delayed in Seeking Leave to Amend.

Plaintiff unduly delayed in seeking leave to amend his complaint. Plaintiff has had an ample amount of time to amend his complaint since he filed his first amended complaint in January 2020, but waited until December 2020 to ask for leave to amend his complaint. Plaintiff has not answered Defendant's written discovery, which was sent to him in July 2020, and resent to him in December 2020. Plaintiff has also made no attempt to serve his initial written discovery by the July 6, 2020 deadline set by the Court. Plaintiff further frustrates his complaint by adding 42 new counts, which appear to be legal conclusions to support his existing claims, rather than new separate counts. Plaintiff's new second amended complaint also introduces a new defendant—"Sgt. Whitfield"—for the first time. Plaintiff should not be rewarded for his lack of effort in abiding by the Court's Orders and continual delay in prosecuting this case.

The court's decision in *Ameritech v. Computer Sys. Solutions*, 188 F.R.D. 280 (N.D. Ill. 1999) is instructive with respect to Plaintiff's delay in filing his second amended complaint. In *Ameritech*, the court first noted the longer the delay, the greater the presumption against granting leave to amend. *Id*. at 283-84 (citing *Tamari v. Bache & Co. SAL*, 838 F.2d 904, 909 (7th Cir. 1988)). The court then found undue delay where the proposed amendment was more than a year after the commencement of the action, more than eight months after a first amended counterclaim had been filed, and after discovery was closed. *Id*. at 284.

Here, it is evident that Plaintiff's proposed second amended complaint is untimely. First, the amended pleading comes more than 21 days after Plaintiff's original complaint, meaning Plaintiff has no absolute right to amend. Second, Plaintiff's brings his amended complaint over a year after filing his initial action and he already amended his complaint once before. *See Ameritech*, 188 F.R.D. at 283-84. Plaintiff had ample time to file his second amended complaint

after receiving written discovery in July 2020. However, he waited six months after receiving Defendant's discovery requests to ask for leave to file his second amended complaint. Accordingly, this Court should find that Plaintiff's Second Amended Complaint is untimely and unduly delayed, and thus should be denied. *See Jones v. Hamelman*, 869 F.2d 1023, 1026-27 (7th Cir. 1989) (noting extreme tardiness in amending complaint which results in prejudice to defendants outweighs general policy behind Rule 15).

### B. Plaintiff's Second Amended Complaint is Futile.

Even if the proposed second amended complaint was timely, Plaintiff's leave to amend should be denied as futile. Plaintiff's second amended complaint brings 42 "counts" compared to 6 "counts" he brought in the first amended complaint pertaining to the newspaper policy and package policy at Cook County Jail.

Leave to amend may be denied on futility grounds "when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013). In undertaking a futility analysis, the court applies the same standard of review as it would for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Gen. Elec. Capital Corp v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). Therefore, the amended complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). The Court must also accept all well-pleaded factual allegations as true and draw inferences in favor of the party seeking leave. *Naperville Smart Meter Awareness v. City of Naperville*, 114 F. Supp. 3d 606, 611 (N.D. Ill. 2015).

In this case, Plaintiff's new assertions of 42 "counts" in his second amended complaint are more akin to actual allegations of the overarching claims under which Plaintiff asserts that his First Amendment and Fourteenth Amendment rights were violated. Although Plaintiff claims he has added "substantially similar claims concerning incidents that occurred since the case was filed,"

4

Plaintiff provides very little factual background as to why each claim is distinct and misconstrues each allegation as a separate claim. (Dkt. 40 at 1.) Plaintiff should not be able to add 36 new unrelated "counts" about mail enclosures, CDs and DVDs in mail, photos in mail, photos of liquor, persons in bathing suits, etc. Even if Plaintiff's "claims" involve restrictions on mail, they are unrelated to his current claims about the newspaper and package policies at Cook County Jail, and he fails to properly argue in his motion why should be permitted to litigate these claims in this matter. *Id*. It is clear these counts are not claims, but rather these statements merely recite legal conclusions without any factual development and would thus fail to be legally sufficient under an inquiry under Fed. R. Civ. P. 12(b)(6).

Moreover, Plaintiff fails to provide dates that this alleged conduct involving mail restrictions occurred. He should not be permitted to make blanket allegations without a factual development of the proper time frame. *See McCoy*, 760 F.3d at 685. Therefore, this Court should find Plaintiff's new set of 42 "counts" and lack of dates for the alleged conduct are futile and as amended, would fail to state a claim upon which relief could be granted.

## II. THE PROPOSED SECOND AMENDED COMPLAINT IS PREJUDICIAL TO DEFENDANT.

The proposed second amended complaint is also prejudicial to Defendant. Prejudice to the opposing party is the most important fact in determining whether to allow an amendment to a complaint. *Ameritech*, 188 F.R.D. at 283. "Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." *Id*. (citation omitted); *see also Johnson v. Methodist Medical Ctr.*, 10 F. 3d 1300, 1304 (7th Cir. 1993).

Plaintiff now includes "Sgt. Whitfield" as a defendant for the first time (Dkt. 41 at ¶ 6) and discusses a November 27, 2019 incident for the first time, involving an alleged shakedown of excessive personal property in Plaintiff's cell. (Dkt. 41 at ¶¶ 68-71.) This incident happened after Plaintiff commenced this action and is completely unrelated to the claims in his initial complaint and first amended complaint. Thus, Plaintiff should bring this "claim" against Sgt. Whitfield in a separate action. *See Ameritech*, 188 F.R.D. at 283. Moreover, if such allegations are permitted it will result in additional time-consuming and expensive discovery for Defendant.

Accordingly, this Court should find that Plaintiff's proposed second amended complaint is prejudicial to Defendant.

## **CONCLUSION**

For the reasons stated, Plaintiff's motion for leave to file a second amended complaint should be denied because the second amended complaint is untimely. Furthermore, Plaintiff's new claims and introduction of a new defendant are inappropriate at this juncture, either rendering these claims futile or face prejudicing Defendant with costly discovery to refute these claims.

Respectfully submitted,

KIMBERLY M. FOXX
State's Attorney of Cook County

By: /s/ Calvin Edwards
     Calvin Edwards
     Assistant State's Attorney
     500 Richard J. Daley Center
     Chicago, IL 60602

## **CERTIFICATE OF SERVICE**

   I hereby certify that I have caused true and correct copies of the above and foregoing to be served on Plaintiff in accordance with the rules of electronic filing of documents, on this day 18th day of March, 2021.

              /s/ Calvin Edwards
              Calvin Edwards