# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES BOCOCK (2018-0503001), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19 C 3877 |
| v. ) | |
| ) | Hon. Jorge L. Alonso |
| THOMAS J. DART, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff's motion for leave to file an amended complaint [40] is denied and the proposed second amended complaint [41] is stricken. Plaintiff shall proceed upon his amended complaint [17], which remains the operative complaint in this case.

## STATEMENT

Plaintiff Charles Bocock, an inmate at the Cook County Jail, brought this *pro se* civil rights lawsuit under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for leave to file a second amended complaint (Dkt. 40) and his proposed second amended complaint (Dkt. 41).

In June 2019, Plaintiff initiated this lawsuit against Sheriff Thomas J. Dart, challenging the jail's purported ban on newspapers. (Dkt. 1.) In September 2019, the Court found that Plaintiff's complaint sufficiently stated a First Amendment claim against Tom Dart (in his official capacity) and issued summons. (Dkt. 10.) In November 2019, Plaintiff sought leave to amend, seeking to add an additional claim against Dart based on the jail's policy concerning the immediate return of certain publications without any meaningful way to challenge the decision. (Dkt. 15.) The Court accepted Plaintiff's amended complaint, and allowed him to proceed upon it in accordance with the Court's January 28, 2020 order. (Dkt. 15.) The case was then referred to Magistrate Judge McShain for discovery supervision and settlement. (Dkts. 24, 27.) On November 2, 2020, and upon Plaintiff's request, discovery was stayed, until December 14, 2020, to give Plaintiff time to pursue retention of counsel and to file an amended pleading. (Dkt. 36.) Subsequently, Plaintiff filed the instant motion for leave to file a second amended complaint and the proposed second amended complaint, but did not report on his efforts to retain representation. (Dkts. 40, 41; *see also* Dkt. 43.) The Court, declining to leave the case in a holding pattern, ordered Plaintiff to file a status report by January 1, 2021 updating the Court on his efforts to retain counsel. (Dkt. 43.) At that time, the Court set an initial discovery schedule. (Dkt. 43.) As instructed, Plaintiff filed a status report, indicating that he had been unable to retain representation. (Dkt. 45.) Since that time, a number of status hearings have been conducted. As of the date of this order, discovery remains ongoing.

Plaintiff's motion for leave to file a second amended complaint (Dkt. 40), which was filed back on December 11, 2020, states that "[t]he current complaint consists of issues concerning mail and publications at the Cook County Jail[]" and indicates that "[t]he attached second amended complaint adds substantially similar claims concerning incidents that occurred since this case was filed." (*Id.*) The motion indicates that "[d]ue to the similarity of the claims and the parties it would serve judicial efficiency to litigate all claims in one case." (*Id.*)

Plaintiff's 21-page handwritten proposed second amended complaint is not a model of clarity; it identifies over forty "counts" concerning various different issues Plaintiff has encountered with the mail at the jail. (Dkt. 41 at pgs. 2-21.) The numerous "counts" are disjointed, vaguely-worded, and lack factual development and/or any meaningful explanation as to how they specifically relate to the claims at issue in this lawsuit. Plaintiff also attempts to add an additional Defendant to this action -- a Sgt. Whitfield -- in connection with a November 27, 2019 shakedown of his cell. (*Id.* at pgs. 1, 13-14.)

Defendant opposes Plaintiff's motion to amend, arguing that the proposed "second amended complaint is "unduly delayed, futile and prejudicial to Defendant." (*See* Dkt. 52 at pg. 2.)

Generally, motions for leave to amend should be freely granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). However, "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or where the amendment would be futile." *Arreola v. Godinez,* 546 F.3d 788, 796 (7th Cir. 2008).

Initially, the Court observes that Defendant's arguments concerning delay and prejudice are not particularly well-taken given that pandemic-related issues have delayed this case at various times, because Plaintiff specifically requested (and was granted) time to submit a second amended complaint while he attempted to retain counsel, and because discovery was ongoing at the time Plaintiff filed his motion (and remains ongoing). (*See e.g.,* Dkts. 19, 20, 21, 31, 36.) That said, it is unclear as to why Plaintiff's purported inability to access the law library since January 2020 prevented him from filing the pleading earlier. (*See* Dkt. 67 at pg. 1, stating that Plaintiff "has been stymied by having no physical access to the law library since Jan 2020 and no meaningful access since that time."). Indeed, Plaintiff could have drafted his amended pleading without the use of the law library or legal resources, given that he need only allege the factual information underlying his intended claim(s) at the pleading stage. Along these lines, it is also unclear why Plaintiff could not have included the instant allegations in the prior amended complaint (which was submitted back in November 2020). Plaintiff's response to Defendant's opposition does not address this particular issue.

In any event, amendment is futile for the reasons discussed below, and thus denial of Plaintiff's motion (Dkt. 40) is warranted on this basis.

The instant proposed amended complaint fails to comply with Federal Rule of Civil Procedure 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a minor amount of surplus material in a complaint is not enough to frustrate Rule 8's goals, unnecessary length coupled with repetitiveness, needless complexity,

and immaterial allegations are grounds for dismissal. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013). As noted above, Plaintiff's lengthy handwritten pleading is separated into over forty vaguely-worded "counts" concerning various aspects of the jail's mail system. The allegations – which, for the most part, are not confined to any particular timeframe -- are disjointed, generalized in nature, and run the gamut from everything from complaints about the jail's newspaper ban, to complaints about the jail's disposal of "mail enclosures," to complaints about the jail's prohibition of publications that have a CD or DVD enclosed, to complaints about the jail's prohibition of the receipt of mail that contains pictures of liquor (as well as bathing suits, "persons in their underwear," pictures showing nudity, pictures showing weapons, etc.), to complaints that the jail limits the amount of books and magazines that inmates may possess, to complaints that Sheriff Dart has a policy of removing personal property from inmates when the property "exceeds allowable limits." (Dkt. 41 at pgs. 3-12.) The pleading also complains about a particular incident that occurred on November 27, 2019 when Sgt. Whitfield performed a "shakedown" of Plaintiff's cell and confiscated certain items of personal property. (*Id.* at pgs. 12-13.) Based on these "counts," Plaintiff indicates that he wishes to pursue numerous different federal and state law causes of action. (*Id.* at pgs. 16-20.) This confusing, disjointed manner of pleading runs afoul of the federal notice-pleading requirements.

Second, it is clear from the nature and scope of the allegations in the proposed pleading that Plaintiff is attempting to join unrelated complaints – some of which have no discernible nexus or connection to the events at issue in this lawsuit. Plaintiff may not proceed in this manner. As set forth above, Plaintiff's allegations are wide-ranging and appear to involve discrete/unrelated issues/events. As pled, they also appear to implicate/involve different Defendants. Plaintiff may not proceed with all of these complaints in one lawsuit. Inmates, like other litigants in this Court, must comply with the rules for joining claims and defendants into a single lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (citing Fed. R. Civ. P. 18, 20).

The instant proposed amended pleading -- which suffers from a Rule 8(a) pleading problem and a joinder problem -- cannot proceed as drafted for the reasons stated above. As such, amendment based on the proposed pleading would be futile. Plaintiff, therefore, may not proceed on the proposed amended complaint and it is stricken (Dkt. 41). The amended complaint (Dkt. 17) continues to be the operative pleading in this case.

**SO ORDERED.**                                          **ENTERED: July 26, 2021**

_____
**HON. JORGE ALONSO**
**United States District Judge**