# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Charles Bocock, | ) | |
| | ) | 19 C 3877 |
| Plaintiff, | ) | |
| | ) | |
| | ) | Judge Jorge Alonso |
| v. | ) | |
| | ) | Magistrate Judge Heather McShain |
| Thomas J. Dart, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

NOW COME Plaintiff, Charles Bocock ("Plaintiff") *pro se* and Defendant, Thomas J. Dart ("Defendant") by and through his attorney, and hereby submit this status report per the Court's July 29, 2021 Order.  (Dkt. 69.)

### A. Deposition Plan, including a proposed schedule for any depositions to be completed.

Defendant has taken Plaintiff's deposition and does not seek any additional depositions.

When asked to provide his input to this Joint Status Report, Plaintiff stated as follows: Plaintiff seeks depositions with several jail employees.  Plaintiff needs an organizational chart and an employee list to determine the identities of those who need to be deposed.  Plaintiff also needs copies of previous depositions in the possession of Defendant for use as impeachment material. Plaintiff plans to move this Court to allow him to record the depositions as his indigency precludes him from employing a court reporter to take transcriptions.

In response, Defendant states as follows: Defendant has provided Plaintiff with a publicly available website, which includes an organizational chart of the Cook County Sheriff's Office. With respect to Plaintiff's request for an "employee list from May 2018 to present with their job

title and job description," Defendant objected to the request as overly broad ("all employees of CCDOC from May 2, 2018 to present), unduly burdensome (would require hours and hours of review of protected information) and not reasonably calculated to lead to the discovery of admissible or relevant information that is proportional to the needs of the case. On August 19, 2021 at 2:20 a.m., a day before this Joint Status Report was due to the Court, Plaintiff emailed Defendant's counsel for the first time since receiving answers to his discovery requests, again asking for an organizational chart and employee list. Defendant stands on his objection that this request for an employee list is unreasonable under Fed. R. Civ. P. 26. Defendant has also complied with all of the Court's deadlines and answered Plaintiff's prior discovery requests in full.

Regarding Plaintiff's request for "previously depositions in the possession of Defendant for use as impeachment material," Defendant is not under any obligation to provide Plaintiff with unspecified deposition transcripts from prior cases.

**B. Any other matters the parties wish to raise with the Court.**

Defendant requests that the Court set a close of all fact discovery deadline.

When asked to provide his input to this Joint Status Report, Plaintiff stated as follows: Plaintiff still has not received his Deposition Handbook from the Defendant. AGC Coleman asked Plaintiff to make contact with her regarding this, but since doing so, Plaintiff has been told he is not permitted to contact AGC Coleman. The British Consulate in Chicago was previously involved in the issue of this missing property and Plaintiff will seek to have them re-contact the Sheriff's Office on his behalf to further this issue. Plaintiff will also need "movement" on his Electronic Monitoring to attend whichever location will be used for the depositions. Illinois statutes permit movement for any reasonable purpose.

In response, Defendant states as follows: Defendant maintains that Plaintiff's access to his "Deposition Handbook" is not at issue in this lawsuit. Any issues with Plaintiff's personal property is a separate matter. Prior to his release, the Cook County Jail ordered copies of the Nolo Deposition Handbook for Plaintiff to be held in the law library. However, Plaintiff is now out of custody. Additionally, Defendant's counsel has no control over Plaintiff's criminal case, including his electronic monitoring. Finally, as explained to Plaintiff by email, AGC Coleman is a client representative of Defendant and should not be contacted by Plaintiff directly.

**C. Whether the parties wish to schedule a telephonic status hearing with the Court.**

Defendant believes a telephonic status hearing with the Court is necessary at this time because Plaintiff has made no movement forward with litigating his case and request a close of fact discovery deadline. Plaintiff does not believe a status hearing is necessary at this point.

On August 19, 2021 at 11:49 a.m., Defendant's counsel gave Plaintiff until 12:00 p.m. on August 20, 2021 to provide any additional input or changes to the Joint Status Report. Plaintiff did not respond to Defendant counsel's email.

Respectfully Submitted,

Kimberly M. Foxx
State's Attorney of Cook County

By:    */s/ Christina Faklis Adair*
Christina Faklis Adair
Assistant State's Attorney
Richard J. Daley Center
50 West Washington, Room 500
Chicago, IL 60602
(312) 603-4634

By:    */s/ Charles Bocock*
Plaintiff, *pro se*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on August 20, 2021, the foregoing document was electronically filed, which sent a notice of electronic filing to all parties of record, including *pro se* Plaintiff, Charles Bocock.


*/s/ Christina Faklis Adair*